891 F.2d 299
 14 U.S.P.Q.2d 1140
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert L. MENDENHALL, Plaintiff,
CMI Corporation, Plaintiff-Appellant,
v.
ASTEC INDUSTRIES, INC., Defendant-Appellee.
 Nos. 89-1246, 89-1350.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1989.
 
 Before FRIEDMAN, Senior Circuit Judge,* BISSELL and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Eastern District of Tennessee, No. CIV-1-86-229 (January 26, 1989), holding CMI Corporation liable to Astec Industries, Inc. for infringement of Astec's U.S. Patents 4,103,350, 4,211,490 and 4,337,878 is affirmed.
 
 OPINION
 Weighing Patent
 
 2
 Direct Infringement. The district court's finding that there was direct infringement of Astec's weighing patent (U.S. Pat. 4,337,878) by CMI's customers is not clearly erroneous. The court properly relied on circumstantial evidence; direct infringement need not be shown by direct evidence. Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1272, 229 USPQ 805, 813 (Fed.Cir.1986). The evidence, (1) that CMI sold asphalt plants having a computer program that was capable of implementing the interrupt feature according to the patent, (2) that circumstances could arise (including high rates of asphalt production and large loads being discharged from the surge bin in a single drop) in which the interrupt feature would be activated, and (3) that the interrupt feature was important to CMI's customers, was sufficient for the court to conclude that the patented method was in fact carried out by CMI's customers.
 
 
 3
 Contributory Infringement. The district court's conclusions that the circuitry in the asphalt plants sold by CMI is "specifically designed to perform the steps of the patent when needed, and has no other substantial, noninfringing use", slip op. at 7, when coupled with the findings that the weighing patent was directly infringed and that CMI had actual knowledge of the patent, satisfied the requirements of 35 U.S.C. § 271(c) and are not clearly erroneous. The operation of CMI's asphalt plant under conditions which do not trigger the interrupt feature does not constitute a substantial noninfringing use. That a patented method includes steps that are designed as a safety feature and are therefore performed only occasionally when certain conditions arise, does not preclude a finding that the sale of an apparatus that includes this feature infringes the method patent under section 271(c).
 
 
 4
 Because we affirm on contributory infringement, we need not reach inducement to infringe under section 271(b).
 
 
 5
 Best Mode. The district court's finding that Astec's weighing patent is not invalid for failure to disclose the best mode, 35 U.S.C. § 112 p 1, is not clearly erroneous. The disclosure of a microprocessor without specifying the particular computer system and program used in Astec's commercial embodiment of the asphalt plant was sufficient. In view of evidence that there were many companies capable of designing a similar system, and that the specification disclosed information sufficient for a person skilled in the art of industrial process controls to program a computer to carry out the steps of the patented method, "the quality of the disclosure [was not] so poor as to effectively result in concealment." Spectra-Physics, Inc. v. Coherent, Inc., 827 F.2d 1524, 1536, 3 USPQ2d 1737, 1745 (Fed.Cir.1987). See W.L. Gore & Assocs., Inc. v. Garlock, Inc., 721 F.2d 1540, 1556, 220 USPQ 303, 316 (Fed.Cir.1983) (disclosure of the best mode must be examined in light of the knowledge extant in the art at the time the application is filed); In re Sherwood, 613 F.2d 809, 816, 204 USPQ 537, 544 (CCPA 1980) (disclosure of the methodology necessary to bridge the gap between the input and the output is sufficient without disclosing the computer program itself).
 
 Baghouse Patents
 
 6
 The district court's findings underlying its conclusion that the baghouse patents (U.S. Pats. 4,103,350 and 4,211,490) are not invalid for obviousness, 35 U.S.C. § 103, are not clearly erroneous, and the conclusion that the presumption of nonobviousness was not overborne by clear and convincing evidence to the contrary is unobjectionable. The court made the proper factual inquiries, which included consideration of objective evidence of nonobviousness. Perkin Elmer Corp. v. Computervision Corp., 732 F.2d 888, 894, 221 USPQ 669, 674 (Fed.Cir.1984). CMI has not shown that the findings on the scope and content of the prior art are clearly erroneous. In assessing the obviousness of installing a baghouse as a dust control device on a drum mixer, the court did not err in considering evidence of a belief in the industry that asphalt-coated particles from drum mixers would clog and destroy the fabric filters of baghouses even though some of the evidence contained the opinions of asphalt plant owners and government officials rather than those skilled in the design of asphalt plants. The source of these opinions goes to the weight of the evidence, not to whether it could be considered in determining that there was a bias against using baghouses with drum mixers.
 
 
 7
 Finally, it is at least implicit in the district court's opinion, slip op. at 14, that the activities of Astec's competitors, whether or not derived from the inventor's own disclosures, were found to be prior art relevant to the validity of the baghouse patents. But the court obviously concluded that these activities did not anticipate or render the patented subject matter obvious. This conclusion is also unobjectionable.
 
 
 
 *
 Judge Friedman took senior status on November 1, 1989